[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10395
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cr-00171-MMH-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERWIN PHILLIPS BURLEY,
a.k.a. "Blue Jay",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 27, 2019)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Erwin Burley appeals his sentence of 96 months of imprisonment for knowingly persuading, inducing, and coercing a woman to travel in interstate commerce with the intent for her to engage in prostitution. 18 U.S.C. § 2422(a). Burley argues that his sentence is substantively unreasonable. We affirm.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). When reviewing the reasonableness of an above-guideline sentence, we "may consider the extent of the deviation but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* We will reverse a sentence for substantive unreasonableness only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

The district court did not abuse its discretion when it varied upward to address the magnitude of Burley's sex trafficking crimes and the maltreatment of his victims. The district court was troubled that Burley, who had been indicted for two counts of forcible sex trafficking, 18 U.S.C. § 1591, one count of transporting N.R. and S.W. in interstate commerce for prostitution, *id.* § 2421, and two counts

2

of persuading the women to travel interstate to engage in prostitution, *id.* § 2422(a), was allowed "to plead guilty to the far least significant of the charges brought against him [that involved only N.F.] [because that] ha[d] a significant impact on his guidelines and his potential sentence." And the district court observed that Burley's plea agreement reduced what would have been an advisory sentencing range of 292 to 325 months of imprisonment to a range of 41 to 57 months of imprisonment. Burley's mistreatment of his victims was, as the district court stated, "egregious." He advertised their services online to ensure they could meet his demands to earn up to $2,000 each day, and when they failed to comply, he beat them with a pistol, a telephone cord, and his hands. He demanded their earnings, yet he fed them only one time a day and forced them to pay for their contraception, which they often were unable to do. Burley also gave N.F. ecstasy to stay awake and shaved her head. The district court reasonably determined that Burley's advisory guideline range was inadequate to "reflect the seriousness of [his] actual offense conduct," to "promote respect for the law," to "adequately deter" him from future similar conduct, and to "protect the public" in the light of his "history and characteristics" that generated a criminal history category of V. *See* 18 U.S.C. § 3553.

3

We cannot say that the district court committed a clear error of judgment in determining that a sentence 39 months above the high end of Burley's sentencing range best served the objectives of sentencing. *See Irey*, 612 F.3d at 1189. Burley argues that his "offense conduct . . . was already taken into account by" the four-level enhancement he received for promoting a commercial sex act, United States Sentencing Guidelines Manual § 2G1.1(b)(1) (Nov. 2016), but that enhancement focuses on "fraud or coercion that occurs as part of the offense and anticipates no bodily injury," *id.* § 2G1.1 cmt. n.2. Burley also complains that the "district court never explained exactly why [his] guideline range was inadequate," but the district court stated that it varied upward to address Burley's use of profits to "advertise[]" his victims and to "b[uy] drugs," his "violen[ce]" against both women, and his acts of "shav[ing] [N.F.'s] head, a brutally humiliating act" and "threatening [N.F.]" after the "police had contacted her." The explanation given by the district court establishes it had a "reasoned basis" for its sentencing decision. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Burley's sentence of 96 months of imprisonment, which is well below his maximum statutory penalty of 240 months of imprisonment, is reasonable. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

We **AFFIRM** Burley's sentence.

4